# In the United States Court of Federal Claims

No. 19-1036C

(Pro Se)

(Filed: November 4, 2019 | Not for Publication)

| | |
|---|---|
| WENDY-LENETTE McCRACKEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

*Wendy-Lenette McCracken*, Millington, TN, pro se.

*Joseph A. Pixley*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Elizabeth M. Hosford*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Joseph H. Hunt*, Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

On July 17, 2019, pro se Plaintiff Wendy-Lenette McCracken filed a complaint in this court alleging causes of action against Bank of America related to its foreclosure on her mortgage. Docket No. 1. On the same date, she also filed an application to proceed in forma pauperis. Docket No. 2. On September 16, 2019, the government filed a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") based on lack of subject-matter jurisdiction. Docket No. 6.

For the reasons discussed below, Ms. McCracken's application to proceed in forma pauperis is **GRANTED**. However, because the Court lacks subject-matter jurisdiction over her complaint, the government's motion to dismiss is **GRANTED** and the case will be dismissed in its entirety.

## I.    Ms. McCracken's Application To Proceed In Forma Pauperis

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is

unable to pay such fees or give security therefor."[1] A plaintiff does not have to "be absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. DuPont De Nemours & Co., 335 U.S. 331, 339 (1948). An affidavit that demonstrates that a plaintiff is unable to pay the fee or give security and still provide for himself and any dependents is sufficient. See id.; see also Waltner v. United States, 93 Fed. Cl. 139, 143 (2010) (stating that the question is whether "paying such fees would constitute a serious hardship on the plaintiff") (internal quotation and citations omitted).

Ms. McCracken states in her application that she currently has "0" dollars in cash or in a checking or savings account. Pl.'s Appl. To Proceed In Forma Pauperis at 2. Ms. McCracken has also listed about $700 in monthly expenses. Id. Though she is currently employed as a cook and receives $1200 monthly, she has no other source of income to provide for herself and her son. Id. at 1–2. Under these circumstances, Ms. McCracken has sufficiently demonstrated that she is unable to pay the court's filing fee. Her application to proceed in forma pauperis is therefore **GRANTED**.

## II.    The Government's Motion To Dismiss

In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

Ms. McCracken has not filed a response to the government's motion to dismiss, which was due by October 15, 2019. Nevertheless, the Court has an independent obligation to satisfy itself of its jurisdiction. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Having considered the complaint and the government's motion, the Court finds that it lacks subject-matter jurisdiction and is obligated to dismiss the case on that ground.

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). In her complaint, however, Ms. McCracken appears to be challenging actions taken by private parties. Compl. at 1. She asserts that "Bank of America

---

[1] For purposes of 28 U.S.C. § 1915, the Court of Federal Claims is a court of the United States. 28 U.S.C. § 2503(d).

failed to give [her] full disclosure of [her] mortgage contract . . . [and] defrauded [her] with deception and unfair trade practices." Id. Though she sent Bank of America an "instrument" to discharge her mortgage, which was accepted by the bank, "they have foreclosed on [her] property." Id. She claims she is entitled to recoupment under Sections 3-305 and 3-603 of the Uniform Commercial Code and asks the Court to "[r]esolve this foreclosure matter[,] [r]elease my property, [and] pay the value of the property, plus interest and damages." Id. at 2–3. She also requests "a restraining/protective order for future trespassing on [her] property against Bank of America" and two other private entities. Id. at 3.

The United States is the only proper defendant in the Court of Federal Claims. See United States v. Sherwood, 312 U.S. 584, 588 (1941); see also Del Rio v. United States, 87 Fed. Cl. 536, 539 (2009). Therefore, Ms. McCracken's claim must be **DISMISSED**.

## CONCLUSION

Accordingly, the government's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED** and Ms. McCracken's complaint is **DISMISSED without prejudice**. The Clerk shall enter judgment accordingly. Each side shall bear its own costs.

 **IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge